# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TRANQUILLI, | CASE NO. CV F 07-0433 LJO DLB |
| Plaintiff, | **ORDER TO ENFORCE SETTLEMENT AGREEMENT** (Doc. 13) |
| vs. | |
| VSB INVESTMENTS, INC. | |
| Defendant. | |

Plaintiff William Tranquilli ("Plaintiff") moves to enforce the terms of the Release and Settlement Agreement dated October 12, 2007 ("Settlement Agreement") and to enter judgment against Defendant VSB Investments, Inc. ("Defendant") pursuant to this Court's October 15, 2007 Order on Stipulation of Dismissal (Doc. 12) ("Dismissal Order"). Defendant did not oppose this motion. For the following reasons, this Court GRANTS in part and DENIES in part Plaintiffs' motion to enforce the settlement agreement.

## BACKGROUND

Plaintiff, a disabled wheelchair user, initiated this Americans with Disabilities Act action against Defendant, who owns the "Astro Motel." Plaintiff claims that he was subjected to barriers at the Astro Motel when he was patron.

On October 12, 2007, the parties entered into a Settlement Agreement, requiring Defendant to make specific modifications to the Astro Motel and to make period payments to Plaintiff, totaling $12,000. The payments were to be made in $750 monthly installments, beginning on December 1, 2007.

1  The payments were to continue until the total $12,000 sum was paid in full.

2      Defendant paid the December 1, 2007 payment. Defendant's check for the January 1, 2008
3  payment bounced, but was replaced by a valid check. Defendant made no further payments.

4      On February 19, 2008, Plaintiff's counsel faxed Defendant's counsel a letter demanding payment
5  of the total accelerated amount, less the amount already paid. The letter also informed Defendant's
6  counsel that if "the balance...is not paid by March 20, 2008, [Plaintiff] will file a Motion for Judgment."
7  (Declaration of Thomas N. Steward, Exhibit 2). Neither Defendant nor Defense Counsel responded to
8  the February 19, 2008 letter.

9      On March 27, 2008, Plaintiff moved to: (1) enforce the Settlement Agreement, (2) enter
10 judgment in favor of Plaintiff and against Defendant, (3) adjudge that the accelerated total sum, less
11 payments made, is presently due, and (4) award Plaintiff attorneys' fees for the time spent enforcing the
12 Settlement Agreement.

13 **DISCUSSION**

14 **Jurisdiction**

15     Although this action was dismissed with prejudice on October 15, 2007, this Court retained
16 jurisdiction over this matter to enforce the terms of the Settlement Agreement. *See*, *Kokkonen v.*
17 *Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994). The parties agreed to the jurisdiction
18 retention provision, and the parties' obligation to comply with the Settlement Agreement became part
19 of the Dismissal Order. *Id.* at 1-2.

20     This Court has inherent authority to enforce a settlement agreement in an action pending before
21 it. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). To be enforced, a settlement
22 agreement must be complete and both parties must have agreed to the terms of the settlement. *See*
23 *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Harrop v. Western Airlines, Inc.*, 550
24 F.2d 1143, 1144-45 (9th Cir. 1977). Because the material facts concerning the existence of the terms
25 of the agreement are not in dispute, no evidentiary hearing is necessary. *Callie v. Near*, 829 F.2d 888,
26 890 (9th Cir. 1987).

27 **Accelerated Total Sum, Less Defendant's payments**

28     Plaintiff seeks $12,000, less $1500 already paid, for a total amount of $10,500. Plaintiff's

request is based on the Settlement Agreement's acceleration clause which reads: "If any of the monthly payments is received by [Plaintiff's counsel] later than the fifth day of the month it is due, then without notice, the entire balance of the total sum is immediately due." Plaintiff declares that Defendant paid two installments of $750, but made no further payments after January 2008. Defendant does not oppose Plaintiff's declaration. Based on the terms of the Settlement Agreement, Plaintiff is entitled t o the full sum of $12,000, less the already-paid sum of $1500.

**Attorneys' Fees**

Plaintiff requests a $750 attorneys' fees award. The Settlement Agreement provides that the "prevailing party or catalyst" in a motion to enforce the settlement, if any, shall be entitled to an award of attorneys' fees. Plaintiff asserts that $750 is a reasonable sum for time spent enforcing the settlement. However, Plaintiff's motion was unopposed and Plaintiff provides no evidence of either the time actually spent on this motion or the hourly rate Plaintiff's counsel charges. Hence, this Court has no basis upon which to adjudge whether Plaintiff's requested amount is reasonable.

## CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS Plaintiff's motion to enforce the settlement agreement (Doc. 13);
2. DIRECTS the clerk of court to enter judgement in favor of Plaintiff William Tranquilli and against Defendant VSB Investments, Incorporated in accordance with this Court's October 15, 2007 order and the "Release and Settlement Agreement" between the parties;
3. ADJUDGES that the accelerated total sum of $12,000, less Defendant's payments of $1,500 is presently due;
4. DENIES Plaintiff's request for attorneys' fees; and
5. VACATES the May 1, 2008 hearing.

IT IS SO ORDERED.

**Dated:   April 18, 2008**               /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE