WALTER STEINMANN
d/b/a JUDGMENT ENFORCEMENT USA
PO BOX 615
NEWCASTLE, CA 95658
(916) 663-9324

Assignee of Record, In Pro Per

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| WILLIAM TRANQUILLI, | ) Case No.: **1:07-CV-00433-LJO-DLB** |
| Plaintiff, | ) |
| vs. | ) ORDER APPOINTING RECEIVER TO |
| | ) SELL ALCOHOLIC BEVERAGE LICENSE |
| VSB INVESTMENTS, INC., | ) |
| Defendant. | ) |

The motion of WALTER STEINMANN d/b/a JUDGMENT ENFORCEMENT USA,

judgment creditor as assignee of record, to appoint a receiver to sell the alcoholic beverage

license owned by defendant and judgment debtor VSB INVESTMENTS, INC., came on

regularly for hearing on November 7, 2008, at 9:00 a.m. in Dept. 9. Appearances are noted on

the record. The court, having considered the matter and good cause appearing,

   **IT IS HEREBY ORDERED** that:

   1.       Upon posting bond with this court in the amount of $10,000.00, conditioned

upon faithful performance of his duties as a receiver, and upon taking of an oath that he will

perform the duties described herein faithfully, Patrick Bulmer of California Receivership

Services in Oroville, California, hereinafter "Receiver", is appointed as receiver for the

1

special purpose of selling that certain license issued by the California Department of Alcoholic Beverage Control to VSB INVESTMENTS, INC., License Number 446589 for the premises commonly known as "ASTRO MOTEL & COCKTAIL LOUNGE", located at 3393 N. Parkway Drive, Fresno, California (hereinafter "License").

    2.    The Receiver is vested with all of the powers and authority provided by law to receivers subject to further confirmation and orders of this Court. Additionally, the Receiver is directed and authorized to:

    a.    Hire and employ a duly licensed broker at usual and customary rates paid for such services, to list the License for sale.

    b.    Care for, preserve and maintain the License, and incur all expenses necessary for such care, preservation and maintenance.

    c.    Determine, upon appointment, whether sufficient insurance coverage exists regarding business activities conducted under the License. If sufficient coverage does exist, the Receiver shall direct the insurer (and all defendants shall cooperate with the Receiver's efforts) to add the Receiver as an additional insured on all such policies. If sufficient coverage does not exist, the Receiver shall, within fifteen (15) working days after his appointment, procure sufficient all-risk and liability insurance coverage, provided the Receiver has funds sufficient to do so, and during such period, the Receiver shall not be personally responsible for claims arising out of or related to, the procurement of insurance. If the Receiver does not have sufficient funds to obtain insurance, he shall notify the California Department of Alcoholic Beverage Control to suspend operation of the License pending sale, and shall complete such applications and documents as necessary to do so.

    d.    Take possession and control of all books, records, correspondence and accounts which pertain to or disclose information about the License, whether in possession of any or all of the defendants, or their agents, servants or employees.

ORDER APPOINTING RECEIVER TO SELL ALCOHOLIC BEVERAGE LICENSE

3.　　　The Receiver shall be paid as follows:

a.　　　$200.00 per hour, for his services as Receiver, billable in 1/10th hour increments;

b.　　　$90.00 per hour, for travel time, billable in 1/10th hour increments;

c.　　　for reimbursement of any expenses incurred in the performance of his duties under this order, including but not limited to: cost of Receiver's bond, mileage at $.60 per mile, black-and-white photocopies or printed pages at $.20 each, color photocopies or printed pages at $1.00 each, in addition to any other expenses customarily incurred by receivers in similar cases.

4.　　　The Receiver shall prepare periodic interim statements reflecting the Receiver's fees, administrative costs and expenses incurred for said period in the operation and administration of the receivership estate. Said statement shall be served by mail to the judgment debtor or his attorney of record. Upon completion of an interim statement, and mailing said statement to judgment debtor or his attorney of record or other designated person or agent, if no objection is received from any party within 10 days, the Receiver may pay from receivership estate funds, if any, the amount of said statement. Despite the periodic payment of Receiver's fees and administrative expenses, said fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a noticed interim request for fees, stipulation among the parties, or Receiver's Final Account and Report.

5.　　　The Receiver shall, within thirty (30) days of his appointment hereunder, file an interim or preliminary report of receiver. In addition to all of the matters hereinabove set forth, the Receiver shall, on a monthly basis, serve on all parties, but not file with the court, reports of all acts, proceedings and expenditures.

6.　　　All monies coming into possession of the Receiver and not expended for any of the purposes authorized by this order shall be held by the Receiver subject to further order of the Court. The Receiver shall make no payment for expenses or debts owing from the prior purchase or lease of capital items by judgment debtor, and is to direct all other creditors, any

3

previously incurred bills, debts or obligation to judgment debtor for payment thereof until further order of this Court.

7.     Judgment debtor VSB INVESTMENTS, INC., as well as its officers, agents, employees, representatives, and all other persons or entities who are successors in interest to, or who are acting in concert or participating with them, or any of them, are hereby restrained and ENJOINED from engaging in or performing, directly or indirectly, any of the following acts:

 a. Refusing access to any accounting documents, ledgers, records or data, to the Receiver or his agents, employees or representatives in performance of their duties under this Order.

 b. Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing, or in any manner whatsoever dealing in or disposing of the whole or any part of the License.

 c. Doing any act which will, or which will tend to, impair, defeat, divert, or prejudice the preservation of the License or the Receiver's attempts to preserve and / or sell the License.

 d. Destroying, concealing, transferring, or failing to preserve any document which evidences, reflects or pertains to defendants' or any of their disposition of the License, or any part thereof, or any and all proceeds therefrom.

 e. Interfering in any manner with the License, the receivership estate or the Receiver's management thereof, including, but not limited to, communicating or contacting any brokers, buyers or vendors of the Receiver, exercising or attempting to exercise any control in connection with the sale of the License, or otherwise engaging in acts inconsistent with the Receiver's sole authority to preserve and sell the License.

8.     Judgment debtor VSB INVESTMENTS, INC., as well as all persons claiming possession or other rights by, through, or under judgment debtor VSB INVESTMENTS, INC.

4

must, on request and exhibition of a conformed copy of this Order, immediately deliver possession of any documents, records or accounting described herein to the Receiver, along with any and all related records concerning the License.

9.      Judgment debtor VSB INVESTMENTS, INC. shall immediately advise the Receiver about the nature of any fees or taxes due, liens or other encumbrances on the License.

10.     Judgment debtor VSB INVESTMENTS, INC. shall immediately advise the Receiver about the nature and extent of insurance coverage on any business activities under the License; immediately name the Receiver as additional insured on any such insurance policy; and refrain from canceling, reducing or modifying the insurance coverage.

11.     The Receiver and the parties may at any time apply to this Court for further instructions and orders, and for additional powers necessary to enable the Receiver to properly perform his duties.

Dated: November 12, 2008                          /s/ Lawrence J. O'Neill

                                                  U.S. District Judge

ORDER APPOINTING RECEIVER TO SELL ALCOHOLIC BEVERAGE LICENSE